This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Cynthia Ohlemacher, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that ordered Appellee, Jeffrey Ohlemacher, to pay $3,906.24 per month for child support obligations to Appellant. We reverse.
{¶ 2} On November 29, 1999, Appellant filed a motion to modify the child support obligations of Appellee. The original judgment entry of divorce required Appellee to pay $2,500 per month for the support of the parties' three children. A hearing was subsequently held and the trial court issued a judgment entry on June 26, 2002, which increased Appellee's monthly child support obligation to $3,906.24. Appellant timely appealed raising four assignments of error for review.
 ASSIGNMENT OF ERROR I
{¶ 3} "The trial court erred in failing to comply with [R.C.]3113.215 in making its child support guidelines worksheet calculation[.]"
{¶ 4} In her first assignment of error, Appellant asserts that the trial court did not comply with R.C. 3113.215 when computing Appellee's income for child support purposes. Specifically, Appellant contends that the trial court erred by failing to take into account Appellee's gross income as required by R.C. 3113.215(D). Appellant's contentions have merit.
{¶ 5} As a trial court possesses considerable discretion in child support matters, a decision will be reversed only upon a finding of an abuse of discretion. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. See, also, Ford v. Ford, 9th Dist. No. 3222-M, 2002-Ohio-3498, at 8. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
{¶ 6} At the time this action commenced, R.C. 3113.215(B)(1) governed the procedure for modifying a child support order. The statute's provisions are mandatory and must be strictly followed in all material respects as the overriding purpose of R.C. 3113.215 is the best interest of the child for whom the support is to be awarded. Murray v. Murray (1999), 128 Ohio App.3d 662, 666. See Marker v. Grimm (1992),65 Ohio St.3d 139, 141-42. "[T]he trial court's failure to comply with the literal requirements of the statute constitutes reversible error." (Emphasis sic.) Marker, 65 Ohio St.3d at 143.
{¶ 7} The child support calculation is to be determined in accordance with the child support schedule set forth in R.C. 3113.215(D) and the applicable model worksheet. R.C. 3113.215(B)(1). A child support award is based on the obligor's "income." R.C. 3113.215(A)(1). "Income" is defined as either "the gross income of the parent[,]" for a parent who is employed to full capacity, or "the sum of the gross income of the parent, and any potential income of the parent[,]" for a parent who is unemployed or underemployed. R.C. 3113.215(A)(1).
{¶ 8} Upon a thorough review of the record, we conclude that the trial court failed to comply with the statutory mandates when modifying the child support order. The judgment entry, contested by Appellant, enumerates the findings of the trial court. These findings clearly indicate that the lower court based the modified child support award on the adjusted gross income of the parties rather than their gross incomes as required by the statute. Moreover, Appellee conceded that the trial court's reliance on adjusted gross income was in error. Thus, the trial court committed reversible error, as it is clear that the specific statutory requirements in R.C. 3113.215 for computing an award of child support were disregarded. See Marker, 65 Ohio St.3d at 143. Accordingly, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR III
{¶ 9} "The trial court erred by failing to modify the prior orders regarding uncovered medical expenses of the minor children[.]"
{¶ 10} In her third assignment of error, Appellant contends that the trial court improperly failed to address the issue of health care when it modified the child support order. Specifically, Appellant maintains that the trial court did not comply with the requirements of R.C. 3113.217. We agree.
{¶ 11} Notwithstanding the fact that "[n]either party requested modification of the [trial] court's prior orders with regard to *** medical coverage or expenses[,]" R.C. 3113.217(B) requires that "[i]n any action or proceeding in which a child support order is issued or modified *** the court shall determine the parent responsible for the health care of the children subject to the child support order and shall include in the order one of the following:
{¶ 12} "(1) A requirement that the obligor under the child support order obtain health insurance coverage for the children if coverage is available at a reasonable cost[;]
{¶ 13} "(2) A requirement that the obligee under the child support order obtain health insurance coverage for the children if coverage is available through a group health insurance or health care policy, contract, or plan offered by the obligee's employer[;]
{¶ 14} "(3) If health insurance coverage for the children is not available at a reasonable cost *** a requirement that the obligor and the obligee share liability for the cost of the medical and health care needs of the children, under an equitable formula established by the court[;]
{¶ 15} "(4) A requirement that both the obligor and the obligee obtain health insurance coverage for the children if health insurance coverage is available for the children at a reasonable cost to both the obligor and the obligee and dual coverage by both parents would provide for coordination of medical benefits without unnecessary duplication of coverage."
{¶ 16} Appellant's argument has merit, as the trial court did not determine the issue of health care responsibilities in its modified child support order. Accordingly, Appellant's third assignment of error is sustained as this issue is to be addressed upon modifying a child support order.
 ASSIGNMENT OF ERROR II
{¶ 17} "The trial court erred in deviating from the child support amount calculated pursuant to the child support guidelines worksheet[.]"
 ASSIGNMENT OF ERROR IV
{¶ 18} "The trial court erred in failing to make an award of attorney fees to Appellant[.]"
{¶ 19} We decline to address Appellant's remaining assignments of error, as they have been rendered moot by our disposition of the first and third assignments of error. See App.R.12(A)(1)(c).
{¶ 20} Appellant's first and third assignments of error are sustained. Appellant's remaining assignments of error have not been addressed. Accordingly, the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for proceedings consistent with this opinion.
BAIRD, J. and WHITMORE, J., CONCUR.